Filed 6/18/25  P. v. Williams CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

THE PEOPLE,

    Plaintiff and Appellant,

v.

MARCELLE WILLIAMS,

    Defendant and Respondent.

2d Crim. No. B336823
(Super. Ct. No. 2003030280)
(Ventura County)

The People appeal an order granting the petition of Marcelle Williams (respondent) for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1)(A) (section 1170(d)(1)(A)).[1]  The statute provides relief to juvenile offenders who were "sentenced to imprisonment for life without the possibility of parole" (LWOP).  (*Ibid*.)  Respondent does not qualify for relief under the statute because he was sentenced to imprisonment for 50 years to life with the possibility of parole.

---

[1] All statutory references are to the Penal Code.

The trial court concluded that equal protection principles entitled respondent to relief because his 50-year-to-life sentence was the functional equivalent of LWOP when it was imposed in 2005. We disagree and reverse.

*Factual and Procedural Background*

In February 2003 when respondent was 17 years old, he shot Joshua Pelaya twice in the back of the head. A jury convicted him of first degree murder. (§§ 187, subd. (a), 189.) It found true an allegation that he had intentionally discharged a firearm causing death. (§ 12022.53, subd. (d).) In February 2005 the trial court sentenced respondent to prison for 50 years to life – 25 years to life for the murder plus a consecutive term of 25 years to life for the firearm enhancement. We affirmed the judgment in an unpublished opinion. (*People v. Williams* (Apr. 26, 2006, B181625).)

In February 2024 respondent petitioned the trial court "to recall his sentence pursuant to Penal Code section 1170, subdivision (d)(1) & *People v. Heard* (2022) 83 Cal.App.5th 608 [(*Heard*)], & to certify the matter to juvenile court for further proceedings." (Capitalization and Bold omitted.) Section 1170(d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." The statute "was enacted [in 2012] in response to *Graham* [*v. Florida* (2010) 560 U.S. 48, 82,] which held that the imposition of an LWOP sentence on a juvenile offender convicted of a nonhomicide offense violates the Eighth Amendment." (*People v. Lopez* (2016) 4 Cal.App.5th 649, 653.)

2

The trial court granted respondent's petition.  It reasoned that, pursuant to *Heard*, he was "not statutorily eligible for resentencing."  But his 50-year-to-life sentence was the "functional equivalent of a life-without-parole sentence."  Thus, "under equal protection grounds, as *Heard* laid out, . . . [respondent] is entitled to . . . relief under [section] 1170(d)."  The court said, "I do find that 50 years to life, when the eligible parole date for the original sentence would be at the age of 68 for a juvenile offender, is the functional equivalent of LWOP."

*People v. Heard*

In 2008 Heard was sentenced to "23 years plus 80 years to life for two counts of attempted . . . murder . . . and one count of voluntary manslaughter."  (*Heard*, *supra*, 83 Cal.App.5th at p. 612.)  He was a juvenile when he committed the offenses.  The trial court denied Heard's section 1170(d)(1)(A) petition "because he was not sentenced to an explicitly designated term of life without the possibility of parole."  (*Ibid*.)

The Court of Appeal interpreted section 1170(d)(1)(A) as "limit[ing] eligibility to petition for recall and resentencing to juvenile offenders sentenced to an explicitly designated life without parole term."  (*Heard*, *supra*, 83 Cal.App.5th at p. 626.)  It does not "include[] defendants sentenced to multiple terms that in the aggregate constitute the functional equivalent of life without parole."  (*Id*. at p. 623.)  Thus, Heard was not eligible for relief under section 1170(d)(1)(A).  We agree with the appellate court's interpretation of the statute.

The Court of Appeal concluded that Heard's sentence "constitutes a de facto life without parole sentence" because he "would have to serve 103 years before becoming parole eligible."  (*Heard*, *supra*, 83 Cal.App.5th at p. 629.)  The court held that

3

"denying juvenile offenders, who were sentenced to the functional equivalent of life without parole, the opportunity for resentencing [under section 1170(d)(1)(A)] violates the guarantee of equal protection." (*Id*. at p. 612.) Thus, the appellate court reversed the trial court's order denying Heard's section 1170(d)(1)(A) petition.

*Standard of Review*

"Whether [respondent's] sentence is the functional equivalent of LWOP presents a question of law on undisputed facts, which we independently review." (*People v. Superior Court (Valdez)* (2025) 108 Cal.App.5th 791, 800.)

*Respondent's Sentence Was Not the Functional*
*Equivalent of LWOP When It Was Imposed in 2005*

In contending that his 50-year-to-life sentence was the functional equivalent of LWOP, respondent relies on *People v. Contreras* (2018) 4 Cal.5th 349, 369 (*Contreras*). There, our Supreme Court held that a 16-year-old's sentence of 50 years to life for a nonhomicide offense was "functionally equivalent to LWOP" for the purpose of determining whether it violated the Eighth Amendment's cruel and unusual punishment clause. The court reasoned that "the parole eligibility date of [such] a lengthy sentence [does not] offer[] a juvenile offender a realistic hope of release and a genuine opportunity to reintegrate into society." (*Id*. at p. 373.)

But in *People v. Munoz* (2025) 110 Cal.App.5th 499 (*Munoz*), the court held that a 15-year-old's sentence of 50 years to life for murder was not the functional equivalent of LWOP for the purpose of determining his eligibility for relief under section 1170(d)(1)(A). The court reasoned: "Munoz will be 65 years old when he becomes eligible for parole . . . and [therefore] will have

4

a realistic opportunity to obtain release from prison during his expected lifetime." (*Id*. at p. 508.)  The court noted, "The minimum parole eligibility of Munoz's sentence (50 years) . . . is less than half the defendant's in *Heard* (103 years)." (*Id*. at p. 507.)

*Munoz* apparently concluded that the holding of *Heard* "should 'be limited to sentences [such as Heard's] that will without doubt exceed a juvenile offender's natural life.'" (*Munoz, supra*, 110 Cal.App.5th at p. 504.)  *Munoz* observed, "[P]resumably recognizing that most people (let alone most inmates) do not live to 103 (or, in the case of the 15-year-old defendant in *Heard*, 118), the court in *Heard* did not discuss how to calculate whether a defendant's sentence is the functional equivalent of life without the possibility of parole (or whether, in non-obvious cases, a court should be making that calculation)." (*Id*. at p. 508.)

*Munoz* distinguished *Contreras*: "The defendants in *Contreras* . . . did not commit murder, which was an integral part of the Supreme Court's analysis.  [Citations.]  [¶]  Moreover, the Supreme Court in *Contreras* considered only whether the defendants' sentences violated the Eighth Amendment.  [Citation.]  Munoz does not argue his sentence is cruel and unusual under the Eighth Amendment.  The Supreme Court in *Contreras* did not address whether a sentence of 50 years to life for a juvenile offender who committed homicide is the functional equivalent of life without parole for purposes of eligibility under section 1170, subdivision (d)(1)." (*Munoz, supra*, 110 Cal.App.5th at pp. 510-511.)

*Munoz*'s interpretation of *Contreras* is supported by language in *People v. Hardin* (2024) 15 Cal.5th 834.  *Hardin*

concerns California's youth offender parole statute – section 3051 – which "offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age." (*Id*. at p. 838.) "The statute excludes . . . offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Id*. at pp. 838-839.)

The defendant in *Hardin* claimed "that the youth offender parole statute violates the Fourteenth Amendment's equal protection guarantee by irrationally discriminating against young adult offenders sentenced to life without parole — including, in particular, those sentenced to life without parole for special circumstance murder." (*Hardin*, *supra*, 15 Cal.5th at p. 839.) The Supreme Court rejected the defendant's claim. In the course of its opinion, the Supreme Court stated: "Hardin notes that we have described an aggregate sentence that fixes parole eligibility outside of an offender's life expectancy as the 'functional equivalent of a life without parole sentence.' [Citation.] But we have employed that description in the context of identifying the category of juvenile offenders to whom the Eighth Amendment limitations on life without parole sentences apply; for that purpose, what matters is only whether the sentence, by its nature, forecloses any realistic chance for a juvenile offender to rejoin society. (See *People v. Contreras* (2018) 4 Cal.5th 349, 368 . . . .) *We have not held that a lengthy term-of-years sentence is necessarily equivalent to a life without parole sentence for all purposes*," e.g., for purposes of determining whether the Fourteenth Amendment's equal protection clause has been violated. (*Id*. at p. 863, italics added.)

After *Munoz* was filed, a different appellate court came to a contrary conclusion in *People v. Cabrera* (May 9, 2025, No.

6

B339998) \_\_\_Cal.App.5th\_\_\_ [2025 Cal. App. LEXIS 350].)
*Cabrera* concerned a 15 year-old defendant who had been
sentenced to 50 years to life in prison. The Attorney General
conceded that the defendant had been sentenced to the functional
equivalent of LWOP and was therefore entitled to relief under
section 1170(d)(1)(A). Without mentioning *Munoz*, the majority
opinion agreed with the Attorney General. (*Id*. at \*4.) In a
concurring opinion Justice Hoffstadt wrote: "[O]ur Supreme
Court's holding in *People v. Contreras* (2018) 4 Cal.5th 349,
369 . . . that 'a sentence of 50 years to life is functionally
equivalent to LWOP' is, in my view, inescapable and
indistinguishable. (Cf. *People v. Munoz* (2025) 110 Cal.App.5th
499, 510–512 . . . [distinguishing this language because it arose in
the context of an 8th Amend. violation rather than an equal
protection violation].) I accordingly join the majority opinion."
(*Id*. at p. \*5.)

We believe that *Munoz* is the better reasoned decision.

*Disposition*

The order granting respondent's petition for recall and
resentencing pursuant to section 1170, subdivision (d)(1)(A) is
reversed. The stay order issued on May 2, 2024, shall be
dissolved upon the issuance of the remittitur.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

7

Derek D. Malan, Judge

Superior Court County of Ventura

_____

Erik Nasarenko, District Attorney, W. Taylor Waters, Snr. Deputy District Attorney, for Plaintiff and Appellant.
Richard Lennon, Executive Director, Jennifer Hansen, Sydney Banach, Staff Attorneys, under appointment by the Court of Appeal, for Defendant and Respondent.